## In the United States District Court
## Central District of California

FEE PAID

| | |
|---|---|
| Artem Latushkin | 8:23-cv-02478-JVS-ADSx |
| Plaintiff, | COMPLAINT FOR A WRIT IN THE NATURE OF A MANDAMUS AND UNDER THE ADMINISTRATIVE PROCEDURE ACT |
| -against- | |
| David Radel, Los Angeles District Director, U.S. Citizenship and Immigration Services, | Alien Registration Number **A: 240-798-897** |
| Defendant. | |

### COMPLAINT AND ACTION IN MANDAMUS AND UNDER

### THE ADMINISTRATIVE PROCEDURE ACT

Plaintiff, Artem Latushkin request issuance of a Writ of Mandamus and/or an Order to Compel under the Administrative Procedure Act (APA) ordering the Defendants to adjudicate Plaintiff's Application for Asylum and Withholding of Removal which he filed on July 21, 2022. Receipt number ZLA2252735490.

### JURISDICTION AND VENUE

1) This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1361 as Plaintiff asks this Court to compel Defendants, officers of the United States, to perform a duty owed under 8 C.F.R. § 209.2(a)(1) and 8 U.S.C § 1255(a), federal statutes. The reviewing court also has jurisdiction under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

2) Under 28 U.S.C § 1391(e), venue is proper in the United States District Court for the Central District of California because it is the judicial district where a substantial part of the events occurred in that the Defendants, acting through the Los Angeles Office of the United States Citizenship and Immigration Services have failed to take action required by law. Further, it is the judicial district where the Defendant's office is located.

1

## THE PARTIES

Plaintiff Artem Latushkin (A240-798-897) filed his Form I-589, Application for Asylum and Withholding of Removal on July 21, 2022, Receipt number ZLA2252735490. Although over 17 months have passed since Artem Latushkin's application was submitted, the government has yet to schedule an interview or issue a decision in this case.

Defendant **David Radel** is the duly appointed Los Angeles District Director of the United States Citizenship and Immigration Services.  He is named in his official capacity.  Mr. Radel, as the Director, is charged with the responsibility for delegating his discretion to the local District Counsel's Office in this District located at 14101 Myford Road, Tustin, CA 92780. The local District Counsel's Office has the discretion to schedule interviews for and approve the Plaintiff's application for Asylum.

## ADMINISTRATIVE PROCEDURE ACT FRAMEWORK

5) The Administrative Procedure Act (APA) imposes upon the USCIS a nondiscretionary duty to adjudicate an application within a reasonable time.  This duty is enforceable by federal courts. 5 U.S.C. § 701. ("Whether to adjudicate an adjustment application is not discretionary, but governed by 5 U.S.C.S. § 555, requiring the U.S. Citizenship and Immigration Services (USCIS) to take action on a matter presented to it within a reasonable time. The duty to decide becomes no duty at all if it is accompanied by unchecked power to decide when to decide."  *Boussana v. Johnson*, 2015 U.S. Dist. LEXIS 76087, at *17 (S.D.N.Y. June 11, 2015)).

6) The Court has been authorized to compel agency action which has been unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). When review is proper under the APA, subject matter jurisdiction exists. *Boussana v. Johnson*, 2015 U.S. Dist. LEXIS 76087, at *17 (S.D.N.Y. June 11, 2015).

7) Plaintiff has a statutory right to apply for asylum under section 208(a)(2)(B) of the Immigration and Nationality Act (INA).

8) The Defendants have a statutory duty to schedule interviews within 45 days of filing of asylum applications, according to 8 U.S.C. § 1158(d)(5)(ii).

9) Plaintiff has no adequate remedy at law, and will suffer irreparable harm if his application for asylum is not promptly adjudicated.

10) There are no administrative remedies remaining for Plaintiff to exhaust, because there is no administrative body to which he can appeal the refusal of the Defendants to perform their non-discretionary ministerial duties.


## MANDAMUS FRAMEWORK

11) The Second Circuit has established three prerequisites to the issuance of a writ of mandamus: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989).

12) Plaintiff has a clear statutory right to apply for asylum and be considered for that relief. *See* 8 USC 1158 (a)(1) ("Any alien who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters), irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, section 1225(b) of this title.")

13) The Defendants have a plainly defined statutory duty to adjudicate requests for asylum within a reasonable time. 8 USC 1158(d)(5)(ii). ("[I]n the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed.") While the Defendant does have discretionary duty as to *how* they adjudicate the request, they do not have discretion in *whether or not* to adjudicate it. *See* 8 U.S.C § 1255.

14) Plaintiff has no adequate remedy at law available and will suffer irreparable harm if his application for asylum is not promptly adjudicated.

15) Under 29 U.S.C § 1361, this Court has original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. *Przhebelskaya v. United States Bureau of Citizenship & Immigration Servs.*, 338 F. Supp. 2d 399, 403 (E.D.N.Y. 2004). *See also Am. Acad. Of Religion v. Chertoff*, 463 F. Supp. 2d 400, 420 (S.D.N.Y. 2006) ("Where an agency in charge of the adjudication fails to render a decision within a reasonable period of time, as required by INA § 555(b), the Court has the power to grant a writ of mandamus compelling adjudication.")

## REASONABLENESS

16) While what is a "reasonable time" is not a set standard, courts use logic and the particular circumstances to determine whether a certain amount of time is reasonable. "In determining reasonableness, [courts] look at the source of the delay --e.g., the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." *Zheng v. Reno*, 166 F. Supp. 2d 875, 880 (S.D.N.Y. 2001)

17) Delays in processing an I-485 for two years without adequate reason for such delays have been found unreasonable. *See Salehian v. Novak*, 2006 WL 3041109 (D. Conn. 2006) (holding a two-year delay unreasonable, especially given that ". . . there is no reason to believe that their applications are complicated or that Plaintiffs have contributed to the delay."). Further, the court has noted that a "reasonable time" is a discretionary standard with

no exact time where a delay becomes unreasonable. *See Alkeylanu v. Dep't of Homeland Sec.*, 514 F.Supp.2d 258, 266 (D. Conn. 2007) ("While it is not necessary to locate the exact time at which a delay in adjudication . . . becomes unreasonable[,] it is clear that the three years during which Plaintiffs' applications have been pending qualifies as an unreasonable delay.")

## FACTUAL ALLEGATIONS

Petitioner is a native     e ar    an   citizen of Russsia

Petitioner entered the United States with a B2 visa on May 16, 2022.

Petitioner applied for asylum with the USCIS on July 21, 2022.

Petitioner's application for asylum has still not been decided.

Over 17 months have passed since Plaintiff filed his asylum application and no further action has been taken by USCIS. This wait time is unreasonable.

Plaintiff has made inquiries regarding his application and requested that it be adjudicated, but received only inadequate and non-informative responses.

## CLAIMS FOR RELIEF

### COUNT ONE (ADMINISTRATIVE PROCEDURE ACT)

24) The allegations contained in paragraphs 1 through 23 are repeated and realleged as if fully set forth herein.

25) The Defendants have unreasonably delayed adjudication of Plaintiff's application for asylum despite being well outside the normal Form I-589 processing times. The Defendants have further not set forth any reason for this delay despite Plaintiff's requests for updates. *See Alkeylanu v. Dep't of Homeland Sec.*, 514 F.Supp.2d 258, 266 (D. Conn. 2007) (". . . [I]t is clear that the three years during which Plaintiffs' applications have been pending qualifies as an unreasonable delay, <u>especially where Defendants have made no showing that Plaintiffs' applications have suggested a security risk or posed any other problem that would excuse such a delay</u>.")(emphasis added).

26) No adequate remedy exists at law. Plaintiff cannot appeal USCIS's refusal to adjudicate his application.

27) Plaintiff will suffer and is suffering irreparable harm from the adjudication delay in his case. Until Plaintiff receives a decision on his application, he is unable to travel, work without restrictions, or petition for relatives.  Further, Plaintiff is not able to accrue time to be eligible for naturalization.

28) This delay is unreasonable and leaves Plaintiff without an adequate remedy. *See Razik v. Perryman,* 2003 U.S. Dist. LEXIS 13818 *8 (N.D. Ill 2003) (concluding that defendant's

4

failure to adjudicate the Plaintiff's petition was unreasonable and left the plaintiff without an adequate remedy.)

29) Having diligently followed the procedures set forth by Defendant USCIS and having exhausted any administrative remedies, Plaintiff seeks a court order compelling the Defendants to adjudicate Plaintiff's application.

## COUNT TWO (MANDAMUS)

The allegations contained in paragraphs 1 through 23 are repeated and realleged as if fully set forth herein.

By statute, district courts may compel an officer or employee of the United States to perform a duty owed to the plaintiff. *See Przhebelskaya v. United States Bureau of Citizenship & Immigration Servs.*, 338 F. Supp. 2d 399, 403 (E.D.N.Y. 2004), *Am. Acad. Of Religion v. Chertoff,* 463 F. Supp.2d 400, 420 (S.D.N.Y. 2006); s*ee also Koren v. Chertoff*, 2007 U.S. Dist. LEXIS 35128 at *7 (D. Conn. 2007).  (concluding that USCIS has a clearly prescribed obligation to adjudicate applications and failure to do so triggers mandamus.).

Plaintiff has a right to apply for asylum and to receive a timely decision on that application. Plaintiff applied for asylum over 17 months ago.

Defendants owe Plaintiff the duty to adjudicate his application for asylum without unreasonable delay.

USCIS has failed to adjudicate Plaintiff's application within their own prescribed standard timeline. (*See* USCIS.gov)

This delay is unreasonable and leaves Plaintiff without an adequate remedy. *See He v. Chertoff*, No. 2:07-CV-14, 2007 U.S. Dist. LEXIS 65236 at *15 (D. Vt. Sep. 4, 2007) (concluding that where USCIS failed to adjudicate Plaintiff's application for adjustment of status in a reasonable period of time despite Plaintiff's requests, "the plaintiffs have no other adequate remedy other than to seek judicial relief, and that jurisdiction under the mandamus statute is appropriate."

Plaintiff will suffer and is suffering irreparable harm from the adjudication delay in his case. Until Plaintiff receives a decision on his application, he is unable to travel, work without restrictions, or petition for relatives.  Further, Plaintiff is not able to accrue time to be eligible for naturalization.

7  Having diligently followed the procedures set forth by Defendant USCIS and having exhausted any administrative remedies that may exist, Plaintiff seeks a Writ of Mandamus to end Defendant USCIS' unreasonable delay and refusal to adjudicate Plaintiff's Application.

## **PRAYER**

WHEREFORE, Petitioner respectfully asks the Court to:

1. Assume jurisdiction of this case;

2. Find that the Defendants have unlawfully withheld adjudication of Plaintiff's application for asylum;

3. Find that the Defendants have unreasonably delayed adjudication of Plaintiff's application for asylum;

4. Compel the Defendants to promptly adjudicate the Plaintiff's application and/or schedule an interview within 30 days of the Court's order;

5. Issue a Writ of Mandamus ordering Defendants to adjudicate Plaintiff's application and or schedule an interview within 30 days;

6. Order the Defendants to pay Plaintiff's attorney fees and costs of court in this action pursuant to the Equal Access to Justice Act (EAJA) and other applicable law; and

7. Grant such relief as the Court deems necessary and proper.

Date:   12/22/2023                                *Artem Latushkin*

6